ERROL REESE V. THE STATE.

No. 8960.   Delivered Oct. 7, 1925.

Rehearing denied the State Jan. 13, 1926.

**1.—Transporting Intoxicating Liquor—Evidence—Not Res Gestae—Erro- . neously Admitted.**

Where on a trial for transporting intoxicating liquor the officer who found a bottle of whiskey on the defendant, arrested him, and took him to a hangar, and there forced him to deliver to witness his keys to his hangar, which being searched disclosed several other bottles of whiskey, this testimony and the discovery of other whiskey was not res gestae, and was erroneously admitted. Had appellant been charged with the sale of liquor, the finding of the whiskey in his locker would probably have been admissible, on the question of intent. See Stanchel v. State, 231 S. W. 120 and Walton v. State, 41 Tex. Crim. Rep. 454.

**2.—Same—Misconduct of Jury—Defendant's Failure to Testify.**

Where on a motion for a new trial it is conclusively shown that the jury in their retirement, not only referred to but discussed and considered the failure of appellant to testify, it being clear that their verdict was influenced by this misconduct, a new trial should have been granted. See Branch's P. C. Sec. 569 pp. 292 and 293. Following Hennington v. State, 271 S. W. 624.

ON REHEARING.

**3.—Same—Evidence—Res Gestae—Rule Stated.**

On a reconsideration of our original opinion, on rehearing filed by the state, we have concluded that we were in error in holding that the dec- larations and acts of appellant when arrested, and the finding of a large quantity of whiskey a few minutes thereafter in his locker, were not res gestae, and inadmissible. It is believed that the res gestae would in- clude the acts and words of appellant, coincident with his arrest, and of which complaint is made, were properly received. They were his acts and exculpatory in character. See illustrative cases Copeland v. State, 94 Tex. Crim. Rep. 112, and other cases cited, also Underhill on Crim. Ev. 3rd Ed. p. 225 Sec. 166.

**4.—Same—Continued.**

The foregoing rule finds sanction in many opinions of this court, set out in Branch's Ann. P. C. Sec. 84 to 89, and numerous cases cited in opinion on rehearing. Under these precedents we are of the opinion that the acts and declarations of appellant in the instant case, the receipt of which complaint is made, were properly received. They were acts and declarations of accused, practically coincident with his arrest, and in our opinion admissible in evidence.

**5.—Same—Misconduct of Jury—Rule Stated.**

Our statute prohibiting the discussion of or consideration by the jury of the failure of the accused to testify on his trial, are mandatory, and where it is shown that the jury did discuss and consider such failure in their deliberation, the presumption of injury is not to be rebutted by the conclusion of the individual juror that he was not influenced thereby. When such violations of the statute take place in the retirement of the jury, the cause will be reversed on appeal, and the announcement of this court to this effect have been frequent, and of long standing. Following Mitchel v. State, 36 Tex. Crim. Rep. 278, and other cases cited.

Appeal from the District Court of Bee County. Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*B. D. Tarlton* and *W. M. Sutherland* of Beeville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the District Court of Bee County for transporting intoxicating liquor and his punishment assessed at one year in the penitentiary. Complaint is made to the court's charge on transportation. We see no error on this phase of the case and no harm shown to defendant under Art. 743 C. C. P.

Appellant complains of the action of the court in permitting the sheriff Malone to testify, after stating that he overtook defendant near the fair ground and did not intend to let him leave there if he could help it and after he had taken the bottle from him he told him to let's go back to the hangar and when they started back to the south end of the hangar, the defendant said "Chief, you are going to ruin me, just think about my folks. My goodness, what in the world will I do? Ain't there some way we can stop this or quash it?" and he told him he

was talking to the wrong fellow, that when they reached the south end of hangar the sheriff asked "What have we got?" and asked for his, defendant's keys, and that the defendant slapped his hand away, and he told him not to do that, to give him those keys and he slapped his hand away again and then he, sheriff, poked defendant right in the breast or stomach with his gun, and he dropped the keys and upon unlocking the hangar and another door he found a quantity of bottles of whiskey which defendant begged him to let him break and said he would break every bit of it before his eyes. This testimony was objected to because defendant was under arrest at the time said statements were made. The court admitted same, he states upon the ground that it was res gestae. The record shows the State was relying upon a conviction by reason of taking a bottle of whiskey off of defendant's person prior thereto; the qualification to the bill states it was about seven minutes from the time the sheriff first saw him, defendant, until the last statement was made. We fail to see how the statements made by defendant at the time of the finding of the whiskey in the hangar and the conduct of defendant and the sheriff and statements of both relative to obtaining the keys and breaking the whiskey as set out in said bill throw any light on the alleged transportation of the bottle taken off of his person, and further do not believe that this testimony comes under the head of res gestae, and that same should not have been admitted. Under a charge of having whiskey in his possession for sale it might be permissible as a circumstance to show the finding of this whiskey as bearing on the intent of defendant but his statements as above set out as well as the testimony of the witness Wright to the same effect was not admissible. Stanchel v. State, 231 S. W. 120 and Walton v. State, 41 Tex. Crim. Rep. 454. But as the case will be reversed on another point, it is unnecessary to discuss this matter further.

Appellant also complains to the action of the jury in discussing while considering their verdict, the failure of the defendant to testify upon the trial. Three of the jurors made affidavits that after they retired and before reaching a verdict, that it was argued by members of the jury to the effect that if the defendant was not guilty why didn't he go on the stand and swear that he did not do it; that if they were on trial and not guilty, they would take the stand and deny the charge. One of the affiants stated at least seven or more of the jury argued that. The State placed all the jurors upon the witness

stand and the most of them testified that it was discussed or mentioned after the first ballot was taken and they stood ten to two for conviction, and they remained that way until the following day, and the others said they did not hear it, but would not say it didn't ocur. In fact, there was no denial of it. The juror Marlin testified that he made the statement that he personally felt like if he was on trial and pleaded not guilty that he would swear to it until he died, that he would contend for it that way. All of the jurors except one on the stand testified that the argument made and the failure of the defendant to testify didn't influence their verdict. One of the jurors testified the argument influenced him. It was conclusively shown these statements were made before a verdict was reached, and after the jury stood ten to two for conviction. We are of the opinion that the conduct of the jury comes clearly within the prohibited rule. Branch's P. C. Sec. 569, pp. 292 and 293. Hennington v. State, 271 S. W. 624. We think the above authorities clearly hold that the conduct of the jury in this case was reversible error and the court should have granted a new trial. There are other errors complained of in the record, but we do not deem it necessay to pass upon same at this time.

For the reasons above stated the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—According to the testimony of Malone, the sheriff, he observed an automobile traveling in the direction of the fair grounds. The car was followed by the witness to a point near the fair grounds, where it was parked. The sheriff parked his car at a different place and went into the fair grounds with his companion Wright, they taking different courses. The sheriff met the appellant and his brother, Carl Reese, traveling on foot. Upon calling to them, Carl Reese dropped a bottle. Appellant was in possession of a bottle of whiskey. The sheriff reached for it and said: "Let me have that Errol." Appellant slapped the sheriff's hand, pulled a bottle out of his pocket and dropped it. The sheriff picked it up and said: "Come on, boys." He conducted them in the

direction of a hangar to a horse stall about 125 feet distant, this being the point from which the sheriff had observed the appellant and his companion walking. Inside of the hanger there was discovered a locker which, with the key taken from the appellant, the sheriff unlocked and found therein 104 bottles of whiskey, some of which were in sacks and others on a table. Some labels were also found in the locker. While the parties were walking from the place where the appellant was first apprehended to the hangar, according to the sheriff, the appellant said: "Chief, you are going to ruin me. * * * Ain't there some way that we can stop this or squash it?" The sheriff replied: "Errol, you are talking to the wrong fellow. * * * Let me have those keys." Appellant slapped the sheriff's hand away when the sheriff put his pistol against the appellant's breast and demanded the keys, which were surrendered.

In proving the corpus delicti, the law would not confine the State to the proof alone of the fact that the appellant was found walking on the fair grounds with a bottle of whiskey in his possession. It was competent for the State to prove the res gestae which would include not only the fact that the appellant had a bottle of whiskey on his person but that he had a quantity of whiskey near by, and such circumstances as were indicative of the intent of the appellant in carrying the bottle of whiskey which was in his possession. It is believed that the res gestae would include the acts and words of the appellant coincident with his arrest and which were illustrative of his intent. If, for instance, upon his apprehension, or within a few moments thereafter, he had said that the whiskey in his possession was intended merely for medicinal use or that he did not intend to remove it but merely to drink it upon the spot, or had made any other declarations explanatory of his act consistent with his innocence, the rules of evidence demand that it should not be excluded from the jury. Illustrative, is the case of Copeland v. State, 94 Tex. Crim. Rep. 112, where, at the home of Drew Copeland there was found a distillery in operation. Drew Copeland and Stanley Copeland were placed under arrest. Drew Copeland claimed the ownership of the apparatus and said that Stanley was not connected with the unlawful act. Upon the trial of Stanley Copeland, this declaration of Drew Copeland was excluded by the trial court, and because of its ruling the case was reversed. In support of its decision, this Court cited Weathersby v. State, 29 Tex. Crim. App. 278; Jeffries v. State, 9 Tex. Crim App. 603, and numerous other cases which are

found collated in the opinion.  Courts in other jurisdictions and text-writers announce this principle.  See Underhill's Crim. Ev., 3rd Ed., p. 225, sec. 166.  There are numerous instances in which this Court has applied this rule in favor of the accused.  A like announcement, deduced from the opinions of this Court, is made by Mr. Branch in his Ann. Tex. P. C. Secs. 84 to 89, and finds sanction in many recent cases of this Court.  Among them are Belson v. State, 97 Tex. Crim. Rep. 44; Foster v. State, 276 S. W. Rep. 928; and precedents therein cited.  The same rule is applicable in behalf of the State. See Copeland v. State, 94 Tex. Crim. Rep. 168; Stanton v. State, 94 Tex. Crim. Rep. 367; Boortz v. State, 95 Tex. Crim. Rep. 480; Rayburn v. State, 95 Tex. Crim. Rep. 555; Lovelady v. State, 95 Tex. Crim. Rep. 571; Coburn v. State, 96 Tex. Crim. Rep. 26; Givens v. State, 98 Tex. Crim. Rep. 652; Goforth v. State, 273 S. W. Rep. 845.  Under these precedents, we are of the opinion that the acts and declarations of the appellant of the receipt of which complaint is made, were not improperly received.  They were acts and declarations practically coincident with the arrest, explanatory of the conduct of the accused, and though inculpatory, were, in our opinion, admissible in evidence.  This conclusion we have reached upon a re-examination of the record in the light of the motion for rehearing prepared by the State.

In the criticism of the opinion of the Court, State's counsel insists that inasmuch as most of the jurors testified that they were not influenced by the comment upon the appellant's failure to testify in his own behalf, that a reversal upon that ground was not warranted.  We take occasion to re-iterate that which has often been said before, namely, that where a mandatory provision of the statute, such as the comment upon the failure of the accused to testify, is made in the jury room, or new and material evidence against the accused is received, the presumption of injury is not to be rebutted by the conclusion of the juror that he was not influenced.  When improper evidence is received during the trial or illegal comment made by the court or counsel, it has never been thought competent to inquire into its effect by calling upon the jurors to testify that their verdict was or was not influenced by these improper proceedings.  When such violations of the statute take place in the retirement of the jury, for a stronger reason this principle would apply. The announcements of this Court to that effect have been frequent and of long standing.  See Mitchell v. State, 36 Tex.

Crim. Rep. 278; McDougal v. State, 81 Tex. Crim. Rep. 187, and precedents there cited; also Clements v. State, 69 Tex. Crim. Rep. 371.

A motion to set aside the indictment, in all essential particulars like that before the Court in the case of Jaurez v. State, No. 9858 not yet reported, was made and overruled. We held in that case that the plea, if true, should have been sustained, and the court was in error in refusing to hear evidence upon it.

With the comments and modifications of the original opinion here made, the motion for rehearing is overruled.

*Overruled.*