Upon the same point see, also, Kosarek v. State, 90 Tex. Cr. R. 457, 235 S. W. 884; Greenwood v. State, 100 Tex. Cr. R. 576, 272 S. W. 172; Cantu v. State, 101 Tex. Cr. R. 388, 276 S. W. 432.

Believing the facts sufficiently show a transportation of intoxicating liquor, the judgment is affirmed.

---

## UHL v. STATE. (No. 10259.)

(Court of Criminal Appeals of Texas. Oct. 27, 1926.)

**1. Receiving stolen goods ⬤➝1.**

Defendant guilty of theft of automobile himself cannot be convicted as receiver and concealer of automobile, and refusal of requested special charge to that effect is reversible error.

**2. Criminal law ⬤➝842.**

Defendant is entitled to point out omission in court's charge by presenting correct special charge calling attention to omission.

Commissioners' Decision.

Appeal from District Court, Eastland County; Elzo Been, Judge.

E. J. Uhl was convicted of receiving and concealing stolen property, and he appeals. Reversed and remanded.

S. W. Smith, of Amarillo, and Chastain & Judkins, of Eastland, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BERRY, J. The offense charged is receiving and concealing stolen property, and the punishment assessed is two years in the penitentiary.

[1] The record discloses that the issue was squarely presented that the appellant himself stole the automobile in question, and was guilty of the theft thereof, and therefore not guilty as the receiver and concealer of said car. Appellant tendered a special charge to the effect that, if the jury believed from the evidence that the defendant himself took the car from the possession of the owner, then he should be acquitted of the offense of receiving and concealing stolen property. In other words, the special charge was clearly sufficient to call the court's attention to the fact that appellant was desirous of having a charge given to the effect that, if the jury were satisfied that he was guilty only as the person who actually committed the fraudulent taking of the property, then he could not be convicted for the offense of receiving and concealing the same. This special charge was refused by the court, and to the court's action in so refusing it the appellant reserved his exception, and presents the same as a basis of complaint here. We think the learned trial court fell into error in refusing to present this theory of the case to the jury. Allen v. State, 76 Tex. Cr. R. 416, 175 S. W. 700; Davis v. State, 55 Tex. Cr. R. 495, 117 S. W. 159. Also see 7 Southwestern Digest under Criminal Law, ⬤➝772(6).

[2] We think the appellant was entitled to point out the omission in the court's charge by presenting a correct special charge calling attention to the omission. Parker v. State, 98 Tex. Cr. R. 209, 261 S. W. 782; Bell v. State, 99 Tex. Cr. R. 61, 268 S. W. 168; Howington v. State, 99 Tex. Cr. R. 249, 268 S. W. 933. The state's attorney confesses error in regard to this matter, and we think that in so doing he is correct.

For the error above pointed out, the judgment of the trial court is reversed, and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

## HALTOM v. STATE. (No. 10067.)

(Court of Criminal Appeals of Texas. Nov. 24, 1926.)

On application for leave to file second motion for rehearing. Denied.

For main opinion, see 287 S. W. 249.

LATTIMORE, J. On the proposition that there is a conflict between our opinion in this case and in what we said in Reese v. State, 102 Tex. Cr. R. 511, 278 S. W. 451, and that the latter case is right, appellant asks leave to file a second motion for rehearing. We find no such conflict. In the Reese Case, supra, we said in the opinion that there was no denial of the alleged misconduct of the jury. In the instant case we say in the opinion that one juror, on the hearing of the motion for new trial, affirmed misconduct, but many other jurors denied it. In the

Reese Case no issue was made of conflicting testimony. In the case before us there was such conflict.

The duty of this court to reverse the action of the trial court in refusing a motion for new trial, where there was testimony of material misconduct which was not denied, was plain in the Reese Case, but the application of the same duty as to the action of the trial court in the instant case, where one witness testified to misconduct and the remainder denied it, calls for an affirmance on our part.

The application for leave to file a second motion for rehearing will be denied.