ED LOUT v. THE STATE.

No. 15507. Delivered January 11, 1933.
Reported in 56 S. W. (2d) 454.

The opinion states the case.

*Sanders & McLeroy,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

We see no need for a discussion of the facts, in view of our conclusion 'that this case must be reversed for misconduct of the jury. On hearing of the motion for new trial all twelve of the jurors testified. The matters relied on as misconduct were discussions of appellant's failure to testify, and the statement by a juror or jurors in the jury room, without any testimony to warrant same, that appellant had been tried and convicted for chicken stealing. Six jurors affirmed that these matters were discussed by various members of the jury before any vote was taken; one saying that all twelve of them discussed same. Two other jurors said that the matters were discussed, but they were not sure whether before or after a verdict of guilty was reached. Four affirmed that they did not hear such matters discussed before a vote was taken, but would not state that same might not have been so discussed by other members of the jury. We call attention of the trial courts to the growing number of cases presenting this kind of questions on appeal, in the hope that more particular attention of trial juries may be called in the charges of the courts to the fact that under no circumstances should the failure of the accused to testify be discussed or commented on in the jury room, or taken as a circumstance against him. Also that matters not in the testimony should not be considered by the jury, and further that a violation of these particular instructions might be taken as contempt of court, and the jurors so offending be punished therefor. Reversal of cases for such causes should not be so frequent; but we see no way of preventing same save by some rigorous action on the part of the lower courts.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*