YSMAEL CANALES V. STATE.

No. 24052. May 26, 1948.
State's Motion for Rehearing Denied June 23, 1948.

Hon. H D. Barrow, Judge Presiding.

*Tom J. Newton, Sr.*, of San Antonio, for appellant.

*John F. May,* District Attorney, Karnes City, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $50.00 upon his conviction for failure to stop and render aid to parties with whom his car collided.

It is difficult to understand why the trial judge would overrule the motion for a new trial in this case. The State's Attorney has confessed error which is plainly shown by the record.

Appellant did not testify. When the jury retired to consider the verdict they discussed this fact and considered it as a circumstance against him, contrary to the provisions of Article 710, Vernon's Ann. C. C. P., as interpreted by many decisions of the Court annotated under said Article (Note 44). See also Article 753, Sec. 8, Vernon's Ann. C. C. P. and authorities cited thereunder, as well as Stewart v. State, 206 S. W. (2d) 88.

The law which permits the judge to discuss the failure of a defendant to testify, in his charge, at the same time forbids the prosecution to refer to such failure, or the jury to consider it as a circumstance against him. It may appear to be inconsistent, but it is the law, passed by the legislature, which this Court and all trial courts should respect. Under the showing made, with the admitted fact that the jury did discuss the appellant's failure to testify in his own behalf and considered it as a circumstance against him, the motion for a new trial should have been granted.

The judgment of the trial court is reversed and the cause is remanded.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

The state, by and through its able district attorney, has filed a lengthy motion for rehearing in which it is contended that we committed an egregrious error in reversing and remanding this case on the ground that the jury, in their deliberation, commented on appellant's failure to testify. Such a reference by the jury in their deliberation on the case is inhibited by Art. 710, C. C. P., as pointed out in the original opinion. See also Lout v. State, 122 Tex. Cr. R. 448 (56 S. W. (2d) 454; Reese v. State, 102 Tex. Cr. R. 511 (278) S. W. 451) ; and McCoy v.

State, 113 Tex. Cr. R. 302 (21 S. W. (2d) 516). Many other cases might be cited on the subject.

Believing that the case was properly disposed of on original submission, the State's motion for rehearing is overruled.

Opinion approved by the Court.