### Louie Buessing v. The State.

#### No. 2183. Decided May 28, 1901.

**1.—Jury Law—New Trial—Misconduct of Jury.**

Where it appeared that, during their retirement to consider of their verdict, a question arose amongst the jurymen as to certain important testimony with regard to tracks found at the locus in quo, whereupon two of the jurors, who were familiar with the locus, drew a plat of the surroundings which they submitted and explained to the jury; Held, such misconduct and the receiving of new testimony by the jury as invalidated their verdict, and necessitated a reversal because the court below refused a motion for new trial based upon such misconduct.

**2.—Same.**

Where the jury, before finding their verdict, allude to and discuss defendant's failure to testify as a witness in his own behalf, this invalidates their verdict and necessitates a reversal of the judgment of conviction.

Appeal from the District Court of Lavaca. Tried below before Hon. M. Kennon.

Appeal from a conviction of arson; penalty, five years imprisonment in the penitentiary.

In view of the disposition made of the case on this appeal, a general statement is not required.

*Arthur P. Bagby & Sons,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of arson, and his punishment assessed at five years' confinement in the penitentiary; hence this appeal.

In the motion for new trial, appellant complains of the misconduct of the jury on two grounds: First, in receiving other evidence after their retirement; and secondly, in discussing the failure of the defendant to testify. With reference to the first of these grounds, it appears from affidavits of some of the jurors that some question arose as to whether or not certain tracks, which were used in evidence against appellant, may not have been made by one Rogge, who lived in that neighborhood, and who was at the house of the prosecutor on the night of the fire. One or two of the jurors who were familiar with the location ex-

plained to others of the jury the location of Rogge's house with reference to Dryer's and appellant's, and in that connection drew a plat of the surroundings. This was intended to show that the tracks could not have been made by Rogge in the route he traveled, and was evidence upon a material issue in the case, and was testimony not sworn to by any witness. This was error. Favro v. State, 1 Texas Ct. Rep., 270. It is also made to appear by a number of affidavits that the failure of defendant to testify in the case was mentioned, and a number of jurors testified to this. His failure to testify was explained by one or more of the jurors to the effect that his defense was an alibi, and he was satisfied with the proof made on that point. Another one stated that defendant did not testify because Wandell had testified. All the jurors explained that they were not influenced by this discussion, but it is generally conceded that the matter was alluded to in the jury room, and before they had agreed on their verdict. As has been repeatedly held, our statute on this subject is mandatory; and, when it has been violated, we will not speculate upon any possible injury that may have ensued to appellant. Tate v. State, 38 Texas Crim. Rep., 261; Wilson v. State, 39 Texas Crim. Rep., 365; Thorpe v. State, 40 Texas Crim. Rep., 346. Notwithstanding the evidence is of a very cogent character, yet, on account of the misconduct of the jury, above discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*