### ALBERT WALLING v. THE STATE.

No. 561.　Decided May 11, 1910.

**1.—Local Option—Remarks of Judge—Practice in County Court.**

Where, upon trial of a violation of the local option law, the defendant on cross-examination of the State's witness was seeking to weaken his testimony by showing that it was improbable that the price stated by witness was paid for the whisky, it was reversible error for the court to remark, in sustaining the State's exception, that the price paid for the whisky was not material.

**2.—Same—Misconduct of Jury—Allusion to Defendant's Failure to Testify.**

Where it was shown in defendant's motion for new trial, after a conviction of a violation of the local option law, that the jury had alluded to defendant's failure to testify in reaching a verdict, the same was reversbile error.

Appeal from the County Court of Hill. Tried below before the Honorable Horton B. Porter.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Ivey, Hill & Greenwood,* for appellant.—On question of remarks of court: Kirk v. State, 35 Texas Crim. Rep., 224; Wilson v. State, 17 Texas Crim. App., 525; Moore v. State, 33 Texas Crim. Rep., 306; Crook v. State, 27 Texas Crim. App., 198.

On question of misconduct of jury in alluding to defendant's failure to testify: Tate v. State, 38 Texas Crim. Rep., 261; Wilson v. State, 39 Texas Crim. Rep., 365; Woolley v. State, 16 Texas Ct. Rep., 605; Cowan v. State, 49 Texas Crim. Rep., 466; 16 Texas Ct. Rep., 60; Thorpe v. State, 40 Texas Crim. Rep., 346; Bailey v. State, 50 Texas Crim. Rep., 399; Reyes v. State, 55 Texas Crim. Rep., 422.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law. The maximum punishment of a $100 fine and sixty days in jail was awarded him by the verdict of the jury.

1. A bill of exceptions recites that Arnold testified for the State, substantially, that he bought from the appellant a half pint of whisky, for which he paid one dollar. On cross-examination the witness was asked if he knew what was the ordinary and usual price of a half pint of whisky about the time he bought the whisky from defendant. Objection was urged by State's counsel that this was immaterial. The court sustained the objection, and in doing so in the presence and hearing of the jury made the following remarks: "I do not see and do not consider that the price paid for the whisky, or what the whisky was worth had anything to do with the case or that it was material one way or the other." To these remarks of the court appellant excepted on the ground that same was an improper comment by the court on the evidence and prejudicial to appellant's case before the jury. We are of opinion that this exception is well taken. The statute prohibits the trial judge from expressing his views upon the weight of the testimony. This may have had a serious bearing upon the case, especially in view of the fact that appellant was awarded the maximum punishment. Arnold testified that he bought a pint of whisky from appellant, for which he paid him one dollar. Appellant was evidently seeking to weaken his testimony as far as possible by showing the high price paid for that amount of whisky as one of the improbabilities of the truthfulness of Arnold's statement. It was legitimate for appellant to question the witness in respect to this matter. The effect of the court's criticism of this was a direct comment on the weight of this testimony. In this he gave his opinion to the jury to the effect that it was immaterial and worthless.

2. Another bill of exceptions recites that the jury alluded to the fact and mentioned among themselves during their retirement that appellant did not take the stand and testify in his own behalf. The record discloses that while the jury were considering their verdict and before reaching their conclusion, one of the jurors remarked in the presence and hearing of the others that he wondered why the defendant did not go on the witness stand and testify; and another one

of the jurors replied, that he did not have to testify; another juror named Brawner testified that defendant did not go on the stand and testify in the case; "While considering our verdict and before we reached a verdict, one of the jurors remarked, that is, made the remark, and wanted to know, why defendant did not go on the stand, and some one made the remark, that he did not have to without he wanted to in any case. This was in the jury room. As to the words spoken, something was said about why he sat there and kept still and didn't go on the stand. That was about the substance of what was said." Another juror stated that while they were in the jury room discussing the case and the evidence introduced, something was said about the fact that defendant had not gone on the witness stand and testified in his own behalf. This was mentioned as nearly as this juror could recollect—it was remarked by a juror—"I wonder why the defendant was not on the stand. To this remark, Mr. Brawner, as I recollect, replied: 'It is not necessary; they usually don't; they don't have to unless they want to,' or something to that effect." This is about the substance of the matter as shown by the bill of exceptions and it was uncontradicted. The court overruled the motion for new trial on this and other grounds brought forward. We are of opinion that this is such a comment and allusion to the failure of the defendant to testify as requires a reversal of the judgment.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*