### WYLIE D. COOPER v. THE STATE.

No. 2710.    Decided December 17, 1913.

**1.—Rape—Sufficiency of the Evidence.**

Where, upon trial of rape, the evidence sustained the conviction, there was no error.

**2.—Same—Jury and Jury Law—Prejudice—Bill of Exceptions.**

The fact that a juror may be prejudiced against a crime does not necessarily disqualify him under the statute, and where the jurors were peremptorily challenged by the defendant, there was no error on that ground. In the absence of a bill of exception, the question as to whether a juror was disqualified can not be considered.

**3.—Same—Other Acts of Sexual Intercourse—Evidence.**

Upon trial of rape upon a female under the age of consent, other acts of sexual intercourse are admissible in evidence. Following Battles v. State, 63 Texas Crim. Rep., 147, and other cases.

**4.—Same—Evidence—Birth of Child.**

Upon trial of rape, there was no error to admit in evidence the testimony of the physician who waited upon the prosecutrix when she was delivered of a

child, although this was upon a different date than the one on which the offense was alleged to have been committed; other acts of sexual intercourse having been shown.

### 5.—Same—Evidence—Deformity of Child.

If the testimony of the doctor as to the deformity of the child had been objected to at the time, a different question would have been raised.

### 6.—Same—Charge of Court—Other Acts of Intercourse—Election.

Where the court's charge elected the offense charged in the indictment as the only one of which defendant could be convicted, there was no error in the court's failure to require the State to elect; there being other acts of intercourse shown by the evidence.

### 7.—Same—Evidence—Contradictory Statements—Remarks by Judge.

Where, upon trial of rape, the prosecutrix admitted that she had made contradictory statements as to who committed the offense, there was no error in the court's action in excluding further testimony thereon and so stating in his ruling.

### 8.—Same—Evidence—Irrelevant Matter.

Upon trial of rape, there was no error in excluding testimony as to defendant's conduct and demeanor towards his children as a loving father.

### 9.—Same—Evidence—Postponement.

Where there was no conflict between the State's testimony and that of the absent witness, there was no error in overruling a motion for postponement.

### 10.—Same—Misconduct of Jury—Allusion to Defendant's Failure to Testify.

Where the court heard evidence as to the misconduct of the jury in alluding to defendant's failure to testify, and the same only showed a casual allusion to this matter, there was no reversible error. Following Jenkins v. State, 49 Texas Crim. Rep., 457, and other cases.

Appeal from the District Court of Hunt. Tried below before the Hon. Wm. Pierson.

Appeal from a conviction of rape; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of rape of his own daughter who was at the time under fifteen years of age, and his punishment fixed at twenty years confinement in the penitentiary. The offense is alleged to have been committed on or about September 1, 1912.

The evidence is amply sufficient to sustain the verdict. It is unnecessary to recite it.

Appellant has two bills of exception to the ruling of the court in holding that two several jurors did not disqualify themselves under article 692, subdivision 13, Code Criminal Procedure, and that because

thereof he had to challenge each of them peremptorily and there was thereby forced on him the twelfth juror who was likewise disqualified because when said twelfth juror was reached he had exhausted his challenges and could not therefore peremptorily challenge said twelfth juror. These bills show, in effect, that neither of these jurors had, in his mind, formed any conclusion as to the guilt or innocence of appellant, but both of them stated, in effect, that they had a prejudice against the crime with which appellant was charged. Taking their examinations upon their voir dire as a whole they were not disqualified under said article of the statute, which is the only one under which they were challenged, and it shows that each felt able to render an impartial verdict upon the law and the evidence and was sufficient to justify the court to hold, as he did, that they were impartial and competent to serve. This question has so often been passed upon by this court that it is unnecessary to cite the cases. The fact that a juror may be prejudiced against a crime does not necessarily disqualify him to serve as a juror. No such cause is given by the statute as one of the causes to disqualify a juror. Neither of these jurors sat in this case. Both were peremptorily challenged by appellant. In each bill it is stated that they would show by bill No. 3 the disqualification of said twelfth juror, but there is no such bill in the record; hence, we can not pass upon the question of whether or not that twelfth juror was disqualified, or appellant injured by having to peremptorily challenge the other two.

By other bills appellant objected to testimony by the alleged raped girl of other acts of sexual intercourse of her father with her than the one charged in the indictment, and to her testimony that the appellant was the father of the child to whom she gave birth on September 6, 1912. And to her testimony that her father slept with her, and the testimony of other witnesses that they had at different times within the last year on several occasions seen her father in bed with her. All this testimony was admissible as has many times been held by this court. Battles v. State, 63 Texas Crim. Rep., 147, and cases therein cited; Whitehead v. State, 61 Texas Crim. Rep., 558; Snodgrass v. State, 36 Texas Crim. Rep., 207. There is no need to cite the many other cases to the same effect.

Among the witnesses introduced by the State was Dr. Richards who testified that he waited upon the said girl when she was delivered of a child which occurred on September 6, 1912, only a few days after the alleged rape. Among other things, he testified that the child was dead when born and was deformed, briefly telling its deformity. Under the qualification and statement by the court in approving appellant's bill on this subject, it is shown that there was no objection to this testimony at the time it was introduced, but after it was, the appellant made a motion to strike out all evidence of the prosecuting witness and the doctor about the delivery of a child on September 6th because it is impossible that time can bear any relation to any act of sexual intercourse

on the night of September 2d or 3d. This would have been no cause to exclude the evidence for, as shown above, other acts of intercourse in a case of this character were admissible. If the testimony of the doctor as to the deformity of the child had been objected to at the time, a different question would have been raised, but, as the matter is pre-. sented by the bill, it shows no reversible error.

The court not only submitted to the jury for a finding the question of appellant's guilt and limited it to the time of on or about September 1, 1912, but,· in addition, expressly told the jury, "you are further charged that you can not consider any other acts of sexual intercourse, if any, between the said Wylie D. Cooper and Leeuna Cooper than the one for which he is on trial," thereby clearly electing the offense charged in the indictment as the only one on which appellant could be convicted. So that there was no error in overruling appellant's oral motion to require the State to elect which act it would try him for.

The alleged raped girl fully and repeatedly testified that when she first gave birth to this child and it first became known that anyone had had sexual intercourse with her she denied that it was her father, but laid it on another person, Henry Cross, and so swore repeatedly before the grand jury; and that she finally told that it was her father, after the grand jury had placed her in jail. The court did not, therefore, commit any reversible error when the defendant attempted to prove by the witness Wildman the same thing, by stating: "I think the girl told all this herself. I don't see why it should be repeated. I have not seen a thing new yet and could not be for but one purpose, and that is, contradiction and there is no contradiction in it. I will cut it off right here." The prosecuting witness, having admitted fully and unequivo-cally that she made the contradictory statements inquired about, the defendant was not entitled to prove that she had done so by any other witness, and the court could, in effect, as he did in this case so state, and appellant's bill on this question shows no error. Branch's Crim. Law, sec. 871, third subdivision, wherein he cites Walker v. State, 17 Texas Crim. App., 16; Rodriguez v. State, 23 Texas Crim. App., 503; Dean v. State, 47 Texas Crim. Rep., 243; Rice v. State, 51 Texas Crim. Rep., 133; Barnard v. State, 45 Texas Crim. Rep., 67.

Appellant's sister, Mrs. Ada Keen, testified for him, and among other things, that she lived near him in Fannin County three or four years before this offense was charged to have been committed, and a part of that time in the house with him. The defendant thereupon asked her what appellant's conduct and demeanor towards his children were during that time, to which she would· have answered that he was a kind, consid-erate, loving and tender father. The court did not err in excluding such testimony by her.

By another bill it is shown that while appellant was introducing his testimony one of his witnesses who lived in the city of Greenville, the county seat of Hunt County, where the trial was going on, had failed to appear. Whereupon one of his attorneys stated to the court that they dis-

liked to ask for an attachment for the witness who lived near the court-house, as they were informed she had a very sick child, which was the cause of her failure to obey the subpoena which had been served on her, and asked a postponement of the trial for a few minutes until an attachment could be executed and the witness brought into court. Counsel then stated what she would testify. The court, thereupon, stated that the testimony was not material and relevant. Appellant's attorney, as the bill shows, said the witness would testify that Henry Cross, who had been arrested on this charge, came to her house a day or two after he was released from jail and asked her to go to see the prosecuting witness and see if she could not get some testimony in his favor and stop the prosecution against him and sent word to the prosecuting witness that if the prosecution was stopped he would marry her. The court says in the same bill that one of appellant's counsel and Mr. Keen, the brother-in-law of the defendant, stated to the court that the witness above mentioned would testify only on one point, towit: that Henry Cross requested her to go up there and see the girl and see if she could get any testimony in the matter, and that she would not testify as to any statement as to marriage on his part and none of the other matters mentioned by appellant's other attorney; that no attachment had been applied for and the witness' child was very ill, was the reason given for her absence. This is the bill in substance. As it is it shows no reversible error. If we could look to the record otherwise than the bill, it would show that both the prosecuting witness and the witness Cross testified that he had never had intercourse with the girl and never offered to marry her, and that he further testified denying that he made any such statements to said absent witness as one of appellant's attorneys claimed she would testify to. In other words, that there was no conflict between the testimony of Cross and the absent witness. The sole purpose for which the absent witness, it seems, could have been used was to dispute Cross, and as there was no dispute between them no error is shown in the action of the court.

The only other question in the case is appellant claims by another bill that the jury had discussed appellant's failure to testify when considering the case. There is no such ground of error set up in the motion for new trial and it is not otherwise shown to have been raised, in this record, except presented by a bill of exceptions only. It seems that the court heard the evidence of some of the jurors on this matter. One juror testified: "Someone asked or said they wondered why the defendant didn't testify in this case and just as well as I can remember someone made the remark that that wasn't admissible, and maybe somebody else spoke up 'yes, we can't talk about that,' or something to that effect, and it passed away." Three other jurors testified they heard no such remark at any time and that they did not hear anyone of the jurors discuss or talk about, in any way, the defendant's failure to testify. This court has many times passed upon such questions as this and has uniformly held that such remark was no cause for reversal. Jenkins

v. State, 49 Texas Crim. Rep., 461; Parish v. State, 48 Texas Crim. Rep., 347; Long v. State, 48 Texas Crim. Rep., 175; Leslie v. State, 49 S. W. Rep., 73; Mason v. State, 81 S. W. Rep., 718; Combs v. State, 55 Texas Crim. Rep., 334; Smith v. State, 52 Texas Crim. Rep., 344; Johnson v. State, 53 Texas Crim. Rep., 339; Sample v. State, 52 Texas Crim. Rep., 505.

No reversible error being pointed out, the judgment will be affirmed.

*Affirmed.*