WILL LAMB v. THE STATE.

No. 8170. Decided October 15, 1924.

Rehearing denied November 19, 1924.

1.—Manufacturing Intoxicating Liquor—Indictment—Altering After Returned.

In a motion to quash the indictment appellant averred that the word "and" in the indictment when returned had been changed to the word "or." It is not shown what effect such a change had on the indictment. The testimony is not conclusive that any such change was actually made. The trial court has much discretion in a matter of this kind, and this court will respect his decision, until it be clearly shown that it was wrong.

2.—Same—Evidence—of Immaterial Character—Not Error.

Objection of appellant to introduction in evidence of three bottles of mash, and of a still found on appellant's premises was properly overruled.

3.—Same—Jury—Misconduct of.

After retiring to consider their verdict, some juror referred to failure of appellant to testify. Other jurors called his attention to the court's charge, instructing the jury not to consider such failure, nor to permit themselves to be influenced thereby. Nothing further was said in regard to such failure. There is not a suggestion in the record that the matter was injuriously referred to, or that there was any discussion of appellant's failure to testify as a guilty circumstance. This presents no discussion of appellant's failure to testify further than its mention by one juror. See Coffman v. State, 73 Tex. Crim. Rep., 295 and cases collated in opinion.

Appeal from the District Court of Rockwall County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

*Claud Isbell,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Rockwall County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The sheriff went to appellant's premises on the occasion in question with a search warrant and found on said premises and near the house a still and a large quantity of mash, the testimony showing without controversy apparently, that the mash was intoxicating.

Appellant filed a motion to quash the indictment, setting up therein that the indictment "appears upon its face to have been mutilated and changed in this, at or near the beginning of the same 'the word 'and' is scratched out and the word 'or' written in its stead, and this defendant believes that same was done and said change made after the same was returned by the grand jury into this court and after the same became a filed paper in this cause, thus making the same void for this reason." It will be observed that there is no allegation in the motion as to the location or connection of the word "and," the change of which is referred to. Testimony was heard by the court as set up in bill of exceptions No. 1. The county attorney at the time the indictment was returned, and the similar officer who succeeded him as well as two occupants of the district clerk's office, testified and each of them stated that they had nothing to do with the change and could not remember whether it appeared in the face of the indictment at the time it was returned or not. Appellant's attorney testified that he observed the indictment after it was returned and that the said word was then "and;" that observation made by him some time after the indictment had been returned disclosed that the word had been changed to "or."

We note that there is nothing in the testimony of any witness to disclose the location or connection or situation in the indictment of the word referred to. The matter was necessarily before the trial court. He has much discretion in matters of this kind and it is incumbent upon us to respect his decision until it be shown that it was wrong. The decision of the trial court may have been based upon the proposition that the word referred to was one whose materiality was of little consequence, and that even if it had been changed it did not affect the legality of the indictment. On the other hand it may have been that the court decided wherever the word did appear located in the indictment as it was before him on the date of trial, that the accused had not met the burden placed upon him by the authorities in such case of showing that the change had been made after the indictment was returned. See Dodd v. State, 10 Texas Crim. App., 370, in which our court quoted from a Louisiana case holding that the burden was upon the accused to show by "irresistible proof" that the change was made after the indictment was returned. The matter as to what is "irresistible proof" was not discussed by the court in the opinion and we are

not committing ourselves to the proposition so strongly stated, but are of opinion that the proof offered by the accused must have shown that the indictment had been changed in a material matter subsequent to its return by the grand jury. We are of opinion that neither the motion to quash nor the testimony appearing in the bill of exceptions shows the trial court to have erred in the matter.

Appellant's bill of exceptions complaining of the introduction in evidence of the three bottles of mash is of no consequence. The officer who had the mash in charge said the bottles contained that which was found upon appellant's premises. Nor do we find any ground for complaint at the introduction of the still found on appellant's premises.

Appellant complains by bill of exceptions that the court wrongfully overruled his motion for new trial based in part upon misconduct of the jury. The said misconduct consisted of a reference in the jury room to the failure of the appellant to testify. The bill of exceptions contains the testimony heard. No witness testified that the matter was injuriously referred to. The foreman said some one referred to it soon after the jury had taken their first vote and stood ten for conviction and two for acquittal; that he at once said, "We were instructed not to consider this" and that no other reference was made to it. One of the jurors who was for acquittal and made an affidavit which was attached to the motion for new trial, testified for the accused on the hearing of the motion for new trial and stated that several jurors referred to the fact that they must not consider against appellant the fact that he did not testify. We believe this to be the extent to which the matter is shown to have gone, in the bill of exceptions. In such case we do not think ourselves justified in concluding that the fact that appellant did not testify was taken as a circumstance against him by the jury. This is the language of the statute in regard to the matter. It forbids allusion to him by counsel in argument and specifically states that his failure to testify shall not be taken as a circumstance against him.

The statement testified to by witness Kimbrell to the effect that appellant showed him a tin can on his premises and stated that "It could be made in that" was admissible for such weight as the jury might attach to same as against appellant, though we fail to see its weight either way.

Being of opinion that no error appears in the record, an affirmance will be ordered.

*Affirmed.*

---

ON REHEARING.

LATTIMORE, JUDGE.—The motion sets out no new authorities

but argues the same questions disposed of by us in our original opinion. In view of appellant's insistence we have again examined the testimony given by the four jurors who appeared upon the hearing of the motion for new trial based, in part, upon alleged misconduct of the jury. The foreman of the jury said that after they had voted and stood ten for conviction and two for acquittal, some one mentioned the fact that the appellant did not testify, and that he at once spoke up and said they were instructed not to consider that, and that the matter was not further referred to. The second juror introduced said he did not hear any mention made in the jury room of the fact that appellant did not take the stand and testify. The third juror, Larue, who was one of the two who voted at first for acquittal, said that he had an argument with another juror over the facts and that the other juror referred to the fact that the appellant did not testify and that he then told him they' were instructed not to consider that fact, and that he also procured the charge of the court and read to said other juror what the court had instructed them on this point. The juror who had the discussion just referred to was also put on the stand and testified that the failure of the appellant to take the stand was referred to and he and juror Larue went and got the charge of the court and read therein what the court instructed them on this point. There is not a suggestion in the record that the matter was injuriously referred to, or that there was any discussion of appellant's failure to testify as a guilty circumstance. This presents no discussion of appellants failure to testify further than its mention by one juror, who was promptly reproved. See Coffman v. State, 73 Texas Crim. Rep., 295; Probest v. State, 60 Texas Crim. Rep., 608; Rhodes v. State, 153 S. W. Rep.,128; Cooper v. State, 72 Texas Crim. Rep., 266; Watson v. State, 82 Texas Crim. Rep., 305; Willson v. State, 87 Texas Crim. Rep., 38; Taylor v. State, 227 S. W. Rep., 679.

This court has held in many cases that the granting of a new trial for the character of misconduct set out in this case, is particularly within the discretion of the trial court and that his action will not be interfered with on appeal unless it is clearly wrong and contrary to the testimony. Douglas v. State, 58 Texas Crim. Rep., 122; Barber v. State, 64 Texas Crim. Rep., 96; Jones v. State, 72 Texas Crim. Rep., 492.

We find nothing in the motion leading us to conclude that our disposal of the alleged change in the indictment after its return by the grand jury, was erroneous.

The motion will be overruled.

*Overruled.*