The judgment of the trial court is reversed and remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

PLUMLEE v. STATE. (No. 10280.)

Court of Criminal Appeals of Texas. May 4, 1927.

1. Criminal law ⚖=1158(3)—Where evidence was conflicting as to whether jury during retirement received information of defendant's previous conviction, order denying new trial therefor was not reviewable.

Action of trial court in refusing new trial, sought on ground that jury received information of defendant's previous conviction during their retirement, *held* not reviewable, where action was not shown to be clearly wrong, in view of conflicting evidence.

2. Criminal law ⚖=1156(1)—Decision on motion for new trial is binding, unless clearly erroneous.

Action of court in rendering decision on motion for new trial is binding upon appeal, unless shown by record to be clearly wrong.

3. Criminal law ⚖=961—Statement of judge showing he believed information he gave juror as to defendant's former conviction was surprise held not to impeach order denying new trial on ground that jury had heard of previous conviction.

Fact that juror, on being informed by trial judge after return of verdict that defendant had been previously convicted said he was glad to hear it, and judge's statement appearing in record showing he believed that information was surprise to juror, *held* insufficient to impeach decision denying motion for new trial, which was sought on ground that jury in their retirement had received information of defendant's previous conviction.

4. Criminal law ⚖=655(1)—Statements of judge during course of trial are not evidence (Vernon's Ann. Code Cr. Proc. 1925, art. 717).

Statements of trial judge are not evidence, judge not being bound to testify in case, though his testimony under oath as to facts within his

knowledge and material is competent under Vernon's Ann. Code Cr. Proc. 1925, art. 717.

**5. Criminal law ⬤⟞1156(1)—Trial judge's discretion on motion for new trial is not subject to review, unless abused.**

Discretion of trial judge in deciding issues of fact and determining merits of motion for new trial is not subject to review, unless abused.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

On second motion for rehearing. Motion denied.

For original opinion and first motion for rehearing, see 291 S. W. 894.

Robert E. Bowers and Floyd Jones, both of Breckenridge, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

On Second Motion for Rehearing.

MORROW, P. J. [1, 2] Touching the complaint in the motion for new trial that the jury in their retirement received information of the appellant's previous conviction of the same offense, the evidence was conflicting. The testimony of several of the jurors was heard, and the conflict was decided by the trial judge in favor of the state. The action of the court, unless shown by the record to be clearly wrong, is binding upon appeal. See Douglas v. State, 58 Tex. Cr. R. 122, 124 S. W. 933, 137 Am. St. Rep. 930; Lamb v. State, 98 Tex. Cr. R. 358, 265 S. W. 1035; article 753, 3 Vernon's Ann. Tex. C. C. P. 1925, p. 46, note 49.

There was a plea of guilty, and the only issue upon the main trial was the amount of punishment, and whether the sentence should be suspended. The lowest penalty was assessed, but there was no suspension of the sentence recommended. By one of the bills of exceptions and by the statement of facts upon the hearing of the motion for new trial it is made to appear that the trial judge, after the verdict was returned and the jurors discharged, remarked to them:

"By the way, gentlemen, you might be interested in knowing that this defendant was tried once before and given two years by another jury on this same charge."

Whereupon Proctor, one of the jurors, remarked that he was glad to hear it, and felt better about it. In reply to a question by the appellant's counsel, the judge said:

"It was my impression from the way Mr. Proctor received the information that it was abso-lutely news to him. It might have been in confirmation of what he already knew; he said he was glad to hear it."

[3-5] Proctor was one of the jurors who testified on the hearing that during the retirement of the jury statements were made touching both the appellant's character and the former conviction. Appellant now takes the position that the conduct of the trial judge on the hearing indicates that his own knowledge of the previous conviction and the impression that was made upon him by Proctor's conduct when told by the judge of the result of the former trial influenced his action in overruling the motion for new trial. Appellant also contends that the statement of the judge tended to contradict the testimony of juror Proctor, who testified that, before he became a juror, he had no knowledge of the appellant's previous conviction. The statements of the trial judge are not evidence. Benson v. State (Tex. Cr. App.) 44 S. W. 163. He would be competent to testify under oath upon the trial to facts within his knowledge and of importance in the case. See C. C. P. 1925, art. 717. He was not bound to do so, however. Valentine v. State, 6 Tex. App. 439. Upon the hearing of the motion for new trial, it was within his province to decide the issues of fact and to determine the merits of the motion. His discretion in so doing is not to be the subject of review, unless abused. In performing his functions in this or any case in which there has been a previous trial in the same court of the same case, there is no procedure or process of which this court is aware to eliminate from the mind of the trial judge facts pertaining to the case which have come to his knowledge in the performance of his duties as trial judge. In the particular case, as stated above, the remarks of the court are not evidence. We perceive no good reason for incorporating them in the record. Such incorporation was opposed by the appellant. Being in the record, however, the appellant insists that this court should give them the effect of impeaching the decision of the trial court in passing upon the motion.

We have made a somewhat more extended statement touching the matter, but are constrained to adhere to the conclusion heretofore expressed in the original opinion and the opinion on motion for rehearing that the matter of which complaint is made is not one upon which this court would be authorized to reverse the judgment.

The motion is denied.

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes