CLEM BRICE V. THE STATE.

No. 15616.   Delivered March 1, 1933.
Reported in 57 S. W. (2d) 832.

70

■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■

The opinion states the case.

*Tatum & Strong,* of Dalhart, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

The facts show that officers, armed with a search warrant, went to appellant's house; that he saw them coming and ran into the house, fastening the door behind him; that the officers pulled open the door and went in and found appellant breaking fruit jars in a sink; that the officers secured a quantity of the liquor which came out of the fruit jars, and testified that it was whisky; that judging from the number of fruit jars which were broken and whose tops and bottoms were found by the officers, they asserted that there was about six and one-half gallons of the liquor. The evidence is sufficient to support the finding of the jury.

There is but one bill of exception, whose complaint is of alleged misconduct of the jury. We have carefully examined the testimony offered upon the hearing of the motion for new trial. The alleged misconduct rested upon supposed separations of the jury, and a reference to the failure of the appellant to take the stand and testify as a witness.

The uncontroverted testimony, in regard to the separation of the jury, shows that as the jury walked by a store in which one of the jurymen worked, in view of threatening weather, this juror suggested that he wished to step inside the store and get his coat. He unlocked the door and stepped in and secured the garment, at no time being but a few feet away from the other jurors, and being gone less than a moment. Another alleged separation was after this fashion: The jurors walked down the street past the home of one of them; this one suggested that he would like to go and lock the door of his garage. He did so in full view of the other members of the jury, the garage being about forty feet from where they were. We think this testimony fails to support the proposition of an illegal separation of the jurors.

Eleven jurors testified upon the hearing of the motion, and the testimony of the twelfth juror was agreed to by appellant

and the state. A number of the jurors testified that they heard no mention made of the failure of the appellant to testify. A number of others testified that they heard one mention made of it, which was promptly rebuked by the foreman, who told them they were instructed by the court not to consider or discuss the failure of the defendant to testify. All these men agree that there was no discussion of the matter. A number of the jurors said that the thing that was said by some one of their number was that neither the appellant, nor his wife, nor any member of his family testified. We appreciate the able brief of counsel for appellant, and the citation of the many authorities therein, but are constrained to hold that under the facts of this case the authorities have no application. This court has uniformly held that a mere casual reference to the failure of the defendant to testify, especially where same was promptly checked and was not followed by discussion, would not be error calling for reversal.

Finding nothing in the record calling for a reversal, the judgment will be affirmed.

*Affirmed.*