FRITZ JACKSON LADD V. STATE.

No. 24382. May 25, 1949.

No attorney of record on appeal for appellant.

*Ernest S. Goens*, State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is driving a motor vehicle on a public highway while intoxicated. The punishment assessed is a fine of fifty dollars.

It was the state's theory, finding support in the testimony, that appellant drove a motor vehicle on a public highway in Wichita County while intoxicated. It was appellant's theory, supported by testimony, that he was not intoxicated at the time and place in question. It will be noted that an issue of fact was raised which the jury decided adversely to him. Under the facts disclosed by the record, we would not be authorized to disturb the jury's conclusion of his guilt.

In his motion for a new trial, appellant charged misconduct of the jury, in this: that after the jury had retired to consider their verdict and before they had agreed on a verdict they discussed appellant's failure to testify. The trial court heard evidence relative to the allegations contained in his motion and at the conclusion thereof overruled the motion to which he then and there excepted and brings the matter to this court for review. It appears from the statement of facts developed on the hearing of the motion that one juror, on direct examination by appellant's counsel, testified that when they retired to consider their verdict he didn't think that the state had proved that he, appellant, drove the car nor that he was intoxicated at the time it overturned on the highway. However, on cross examination, he testified, in substance, as follows: "The first thing they tried to do was elect a foreman. They did not vote on whether or not he was drunk, not until they got ready to fix his fine. They did not question me about my conviction. I agreed to the fine they gave him. Q. Did you or did you not make a statement to me after the jury was dismissed and sitting over there on the bench where the man is sitting, that you voted to find the defendant guilty? A. Yes, I voted that way. There was just one vote taken. It is not a fact that we decided to find him guilty before we ever said anything about him not taking the witness stand. One or two other jurors testified that there was some mention made in the jury room about him not taking the witness stand, but one of the jurors immediately said that they were not supposed to consider that, and nothing else was said about it. We had already voted him guilty at that time."

Mr. Cole, another juror, stated in his affidavit, "None of us said that we thought he was guilty because he did not take the witness stand. That was brought up once, but Mr. West said that we were not supposed to consider that. That was the

only thing that was ever said about him not testifying." Similar affidavits by other jurors appear in the record. It occurs to us that, notwithstanding one or two jurors may have mentioned the fact that appellant did not take the witness stand, this in and of itself could not have injuriously affected his legal right since all of the jurors knew it, unless that fact was discussed and taken into consideration by them as a circumstance against him. Such, however, does not appear to have occurred. The record shows that it was mentioned and promptly suppressed by one of the jurors as hereinabove stated. Appellant was awarded the lowest punishment prescribed by law for such offense.

Considering the question in the light of the entire record, we are of the opinion that the trial court was justified in overruling the motion for a new trial based on misconduct of the jury. It seems to be the well settled rule in this state that when such conduct is made an issue before the trial court, his decision thereof will not be disturbed by this court unless it is made to appear that he abused his discretion with respect thereto. We are of the opinion that the record disclosed no abuse of discretion in this regard. See Dyer v. State, 96 Tex. Cr. R. 301 (257 S. W. 902) ; Lamb v. State, 98 Tex. Cr. R. 358 (265 S. W. 1035) ; Graham v. State, 123 Tex. Cr. R. 121 (57 S. W. 2d 850) ; Lovell v. State, 123 Tex. Cr. R. 619 (60 S. W. 2d 208) ; Wilson v. State, 129 Tex. Cr. R. 180 (86 S. W. 2d 220) ; Vaughn v. State, 134 Tex. Cr. R. 97 (113 S. W. 2d 895) ; Flanagan v. State, 142 Tex. Cr. R. 177 (151 S. W. 2d 803) ; Brice v. State, 123 Tex. Cr. R. 69 (57 S. W. 2d 832).

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

Opinion approved by the Court.