BERNICE BREWER v. THE STATE.

No. 6817.   Decided January 10, 1923.

1.—Seduction—Practice on Appeal.

The question of continuance, newly-discovered evidence, etc., need not be discussed, as the reversal is made upon other grounds.

2.—Same—Charge of Court—Corroboration—Promise of Marriage—Illicit Intercourse.

Where, upon trial of seduction, the court in his charge upon the corroboration of the injured female, instructed the jury in a general way, but did not tell them affirmatively that the corroborating evidence must be both as to the promise of marriage and the illicit intercourse, to which defendant excepted in time and in proper manner, the same was reversible error. Following Slaughter v. State, 86 Texas Crim. Rep., 527.

Appeal from the District Court of Nacogdoches.  Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of seduction; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

C. C. *Watson* and S. M. *Adams,* for appellant.—On question of continuance: Swofford v. State, 3 Texas Crim. App., 76; Woodward v. State, 58 Texas Crim. Rep., 412; Coffey v. State, 198 S. W. Rep., 326.

On question of charge of court: Fine v. State, 45 Texas Crim. Rep., 291; Slaughter v. State, 86 Texas Crim. Rep., 529.

R. G. *Storey,* Assistant Attorney General, for the State.—Cited: Klepper v. State, 223 S. W. Rep., 468; Polk v. State, recently decided.

HAWKINS, JUDGE.—From a conviction for seduction with punishment assessed at confinement in the penitentiary for seven years this appeal is prosecuted.

The case may be disposed of without the necessity of setting out the evidence.  Many bills of exception appear in the record, and some questions not free from difficulty are presented relative to the action of the court in overruling an application for continuance, and in denying a new trial in view of alleged newly discovered evidence.

We pretermit any discussion of these questions however, as they cannot arise upon another trial, and in our opinion a reversal is demanded upon another ground .

In the sixth paragraph of his charge the court told the jury substantially that they could not convict appellant upon the testimony of the injured female even though they believed her testimony to be true, and that it showed appellant to be guilty of seduction, unless the jury further believed that there was other evidence tending to connect appellant with the offense charged. In a timely and proper manner appellant filed exception to this paragraph of the charge because the same did not tell the jury affirmatively that the corroborating evidence must be both as to the promise of marriage and the illicit intercourse. Although his attention was specifically called to the matter complained of the court refused to amend the charge and this is assigned as error. We regard an extended discussion superfluous. Slaughter v. State, 86 Texas Crim. Rep., 527, 218 S. W. Rep., 767, is direct and pertinent authority supporting appellant's contention. Indeed, the very question in the instant case was raised in the same manner, and was discussed in the opinion in the Slaughter case. Judge Morrow, speaking for the court, reviewed not only the decisions of our court relative to the matter, but also the construction of similar statutes in other states; he pointed out the conflicts and apparent conflicts in our own decisions upon the point at issue and without dissent from any member of this court announced that a charge such as given in the instant case, in the absence of exception or a request for further instruction, would be regarded as sufficient; but that when a request therefor was presented, or specific objection filed to the court's charge because the same did not instruct the jury that the corroboration must go both to the act of intercourse, as well as to the promise of marriage, that the refusal of the court to give the special charge or to meet the objection by amending the main charge would constitute error for which a reversal must be had. We cannot add anything to the reasoning in the opinion in the Slaughter case, and a further discussion of the question would be a useless consumption of time. We cite no other authorities because they are collated in the opinion referred to.

For the error discussed the judgment must be reversed and the cause remanded.

*Reversed and remanded.*