### D. C. MELUGIN v. THE STATE.

No. 11237. Delivered December 14, 1927.

**1.—Seduction—Prosecutrix an Accomplice—Must Be Corroborated.**

To constitute the offense of seduction in this state it must be proven that the appellant had carnal knowledge of the prosecutrix and that he obtained same by virtue of a promise to marry her. The prosecutrix, under the law, is an accomplice and must be corroborated. The testimony of the prosecutrix in this case being wholly without any character of corroboration, the conviction must be set aside.

**2.—Same—Evidence—Not Corroborative.**

The fact that prosecutrix, after the act of intercourse, bought some clothing and testified that her purpose was in preparation for her marriage with appellant could not be regarded as corroborative of the main fact necessary to be proven.

Appeal from the District Court of Parmer County. Tried below before the Hon. Reese Tatum, Judge.

Appeal from a conviction for seduction, penalty three years in the penitentiary.

The opinion states the case.

*Sam G. Bratton* of Albuquerque, N. M.; *A. B. Crane* of Raymondville, Texas, and *W. H. Russell* of Hereford, Texas, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for seduction, punishment three years in the penitentiary.

To sustain a conviction for seduction it must appear from the record that the appellant had carnal knowledge of the prosecutrix, and that he obtained same by virtue of a promise to marry her. Authorities are so numerous as to not need citation to the effect that the testimony of the prosecutrix alone to the existence of these two necessary facts in a seduction case, will not suffice. There must be testimony independent of that of the prosecutrix which tends to corroborate her claim of the existence of each of said necessary elements. We have searched this record in vain for any corroborating testimony of the alleged injured female, in regard to either. She testified that appellant had intercourse with her on the 12th of March, 1924, at his mother's home. She said the act of intercourse occurred about mid-afternoon at a lot gate, and was accomplished while witness was standing up. No other witness testifies to anything which even remotely suggests the fact that such act of intercourse took place.

On the proposition that there must be other testimony than that of the prosecutrix supporting the fact that such act of intercourse was had upon promise of marriage, the only thing we find in the record which even suggests corroboration is— prosecutrix testified that after appellant asked her to marry him and she promised that she would, she bought some clothes— a dress, underclothing, and other dresses. The state proved by other persons the fact that prosecutrix did buy a dress and some other clothing about the time she claimed to have done so. None of the other witnesses knew what the clothing was for, and none testified that they understood or believed or knew that the clothing was bought to be used as wedding garments. It would be a new doctrine and a very dangerous one to say that proof of the mere fact that a woman bought a new dress or a new hat, or new shoes, would be sufficient evidence to corroborate her in a claim that a particular man had promised to marry her. We cannot give our assent to such a conclusion. We are forced to believe that the state wholly failed to make out its case, and that prosecutrix is not corroborated in her testimony that appellant had carnal knowledge of her, or her testimony that he obtained such relation upon his promise to marry.

For the reasons stated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*