EDGAR HARRELL v. THE STATE.

No. 12910. Delivered January 15, 1930.
Reported in 24 S. W. (2d) 47.

The opinion states the case.

*C. C. Watson* of Nacogdoches, and *Townsend & Collins* of Lufkin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is seduction; the punishment confinement in the penitentiary for five years.

Prosecutrix, Norma Smith, was twenty-one years of age. She testified that she had been keeping company with appellant for sev-

eral months; that she became engaged to marry him; that in December of 1926 she and appellant went alone at night to the river bottom where they had sexual intercourse; that she loved appellant and yielded because he promised to marry her. A former sweetheart of prosecutrix testified that appellant told him that he and prosecutrix were engaged to be married. Prosecutrix further testified that she wrote a letter to appellant asking him to come to see her; that appellant's brother came to her and advised her, in effect, to procure an abortion; that later when she asked appellant to give her baby a name, appellant replied that if she had done as his brother suggested there would have been no baby. Several of appellant's witnesses testified that they had had sexual intercourse with prosecutrix previous to the date of the alleged offense.

It is the rule that in order to sustain a conviction for seduction, it must appear from the record that the appellant had carnal knowledge of the prosecutrix, and that he obtained same by virtue of a promise to marry her. There must be testimony independent of that of the prosecutrix which tends to corroborate her claim of the existence of each of said necessary elements. Art. 709, C. C. P.; Melugin v. State, 300 S. W. 941. We have grave doubt as to whether prosecutrix was sufficiently corroborated as to the act of intercourse with appellant. However, in view of the fact that the case must be reversed because of another matter, we pretermit a discussion of the evidence.

Prosecutrix testified that she had never had intercourse with any man except appellant. Appellant offered witnesses who testified that they had had sexual intercourse with prosecutrix prior to the date of the alleged offense. Appellant also introduced testimony to the effect that the general reputation of prosecutrix for virtue and chastity was bad. The state offered no witness in support of the good reputation of prosecutrix in the respect mentioned. In his argument to the jury one of counsel for appellant took the position that the evidence showed that prosecutrix was a lascivious woman. In replying to this argument one of counsel for the state used language as follows:

"If the time has come when a paid lawyer can come here and besmirch the character of a young lady it is time we should resent it with our guns."

Appellant objected to this argument and the court instructed the jury not to consider it. Later, counsel for the state used language as follows:

"I have two sisters of my own who if some man should seduce, I would shoot them or have the powder burn my stomach."

This argument was objected to and the court instructed the jury not to consider it. In the same argument counsel for the state used language as follows:

"When a paid attorney says a woman is lascivious when he has heard no evidence, it is time somebody should get their guns."

Again the argument was objected to and the court instructed the jury not to consider it.

The argument carried the imputation that a good man would, under no circumstances, question the chastity of a woman; that a man who would assert that prosecutrix was unchaste ought to be shot; that appellant, his paid lawyer and the witnesses had, in charging that prosecutrix was unchaste, justified the use of extreme measures against them. In short, the argument was an appeal to prejudice and was calculated to drive the jury to the conclusion that the defense interposed by appellant should, in no case, be countenanced by men having a proper regard for womanhood. And this, notwithstanding the fact that an unchaste woman can not be the subject of seduction. If influenced by the inflammatory remarks of counsel for the state, the jury could not likely have fairly analyzed the testimony touching the defensive issue. In other words, we are unable to say that the improper remarks of counsel for the state did not deprive appellant of his right to have his defense fairly considered by the jury. Where the remarks of state's counsel are of such a nature as to be obviously hurtful and prejudicial a reversal will follow, notwithstanding the fact that the trial court instructed the jury to disregard the improper argument. Branch's Annotated Penal Code of Texas, section 362. Being of the opinion that under the facts of this case the improper argument was obviously hurtful and prejudicial, it becomes our duty to order a reversal.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.