## J. T. Ford v. The State.

No. 14609.   Delivered January 13, 1932.

The opinion states the case.

*Jesse Owens,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense is seduction; the punishment, confinement in the penitentiary for a period of two years.

The testimony of the prosecutrix was in substance as follows: She and the appellant became engaged to be married about two or three weeks prior to the act of intercourse; that she consented to intercourse with the appellant solely and alone upon the promise of marriage made to her at the time by the appellant; that the act took place at night in the back seat of an automobile. She testified that subsequent to that time she had had numerous acts of intercourse with the appellant, each time the appellant stating his promise to marry her; that from these acts she became pregnant and gave birth to a child the February following.

She admitted that she had never told anybody she was engaged to the appellant and as to any date being fixed for the marriage her testimony showed that there was no certain date set for said marriage, but from the prosecutrix's testimony it seems that the date of the marriage was indefinite. There is no testimony that she made any preparation for marriage; there is no testimony that anyone saw them together at the time and place when the first act of intercourse was engaged in.

The state put in evidence a conversation by the witness Mills that he had with appellant. Said conversation was alleged to have occurred in May, the same month in which the seduction was alleged to have

occurred. It seems from the evidence of the witness Mills that the appellant on that occasion asked the witness, "If he had anything to do with the younger Maroney girl?" The witness Mills admitted that at that time he was going with the younger Maroney girl. He further testified that the appellant told him "you could promise them any damn thing and you could do any damn thing with them". The witness further testified that he was acquainted with Wilma Maroney, the prosecutrix, but that he had never gone with her. The witness further admitted that appellant was not talking about any girl in particular in the conversation testified about.

The appellant did not testify. He offered a witness who testified to an act of intercourse with prosecutrix prior to the date upon which the seduction was alleged to have occurred.

The appellant raises the question as to the sufficiency of the indictment. The indictment is in conformity with article 505, P. C., defining seduction, and also is in conformity with the form laid down in Wilson's Texas Cr. Forms, 715. See also Mesa v. State, 17 Texas App., 395; Luckie v. State, 33 Texas Crim. Rep., 562, 28 S. W., 533; Putman v. State, 29 Texas App., 454, 16 S. W., 97; Kelly v. State, 33 Texas Crim. Rep., 31, 24 S. W., 295; Simmons v. State, 54 Texas Crim. Rep., 619, 114 S. W., 841.

There is a bill of exception reserved to the action of the trial court in refusing to grant a new trial for the reasons set out in the motion for new trial. Among others, misconduct of the jury in referring to the failure of the appellant to testify during their retirement and while they were considering their verdict. The court heard testimony as to the alleged misconduct of the jury and overruled the motion for new trial, and said testimony so heard is brought forward as part of the record in this case. The testimony of five of the jurors who sat in the case was heard in support of said motion. Juror Lensey testified that in the jury room while they were considering their verdict the fact that appellant did not testify was referred to and some juror said, "it might have given more light on the subject", and that something was said that if they found the defendant guilty the verdict would be set aside and the appellant be permitted to marry the girl and that it was discussed among some of the jurors. To the same effect in substance is the testimony of the juror Birchfield. The juror Vaughn testified that the statement was also made in the jury room while they were considering their verdict, "if the defendant had taken the witness stand and denied the statement of the prosecutrix, we might be able to find him not guilty", and that the further statement was made by one of the jurors "that his failure to take the witness stand goes to prove to me that the boy was guilty or he would have gotten up there and tried to defend himself".

Article 710 of the Code of Criminal Procedure confers the right to

testify upon a defendant, but it is expressly provided in said article that failure to testify shall not be taken as a circumstance against him. Where evidence is heard upon misconduct of the jury and the trial court overrules a motion for new trial, this court always gives great weight to such action on the part of the court, but while this court will not reverse a case for every incidental reference to the failure of the defendant to testify when properly suppressed, we are driven to the conclusion in this case that the matter was carried far beyond that. All the jurymen placed on the witness stand testified that the fact was discussed in the jury room about the appellant not testifying. Under the authorities in this state we believe that the facts testified to by the jurors show that such an allusion to and comment on the failure of the appellant to testify was such as to require a reversal of this judgment. That such failure to testify entered into a consideration by the jury could hardly be questioned. Their reference to the fact that appellant did not testify served to emphasize the matter in which those who made the statement considered his failure to testify. We think this necessarily carries with it the fact that the jurors making such remarks had in their minds the idea that the appellant was derelict in not taking the stand under the circumstances and testifying in his own behalf. We are constrained to hold that under these circumstances a new trial should have been granted. See Mizell v. State, 81 Texas Crim. Rep., 241, 197 S. W., 300; Walling v. State, 59 Texas Crim. Rep., 279, 128 S. W., 624; Fine v. State, 45 Texas Crim. Rep., 290, 77 S. W., 806; Buessing v. State, 43 Texas Crim. Rep., 85, 63 S. W., 318; Wilson v. State, 39 Texas Crim. Rep., 365, 46 S. W., 251; Tate v. State, 38 Texas Crim. Rep., 261, 42 S. W., 595; Jones v. State, 72 Texas Crim. Rep., 496, 162 S. W., 1142.

The appellant in this case strenuously insists that the evidence is insufficient to support the verdict. It is the rule that in order to sustain a conviction for seduction it must appear from the record that the appellant had carnal knowledge of the prosecutrix and that he obtained same by virtue of a promise to marry her. There must be testimony independent of that of the prosecutrix which tends to corroborate her claim of the existence of each of said necessary elements. Article 709, C. C. P.; Melugin v. State, 108 Texas Crim. Rep., 354, 300 S. W., 941; Harrell v. State, 114 Texas Crim. Rep., 412, 24 S. W. (2d) 47. We have carefully examined the testimony for any corroborative testimony of the alleged injured female and we have grave doubts as to whether prosecutrix was sufficiently corroborated as to the act of intercourse of the appellant and that he obtained same by virtue of a promise to marry her, but because of the fact that the case must be reversed because of another matter we deem it unnecessary to fully discuss the evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.