LIHUE NEWTON MUMFORD v. THE STATE.

No. 15108.   Delivered March 23, 1932.

The opinion states the case.

*Simpson, Brewster & Rogers,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is seduction; penalty assessed at confinement in the penitentiary for two years.

The prosecutrix gave testimony embodying the elements of the offense as defined by statute, article 505, P. C., 1925. For corroboration the state relied upon the father and mother of the prosecutrix, each of whom detailed circumstances which, if believed to be true by the jury, would have been sufficient to comply with the statute demanding corroboration. In the Code of Criminal Procedure (1925) is found article 709, which reads as follows:

"In prosecutions for seduction, the female alleged to have been seduced shall be permitted to testify; but no conviction shall be had upon her testimony unless the same is corroborated by other evidence tending to connect the defendant with the offense charged."

It has been many times declared by this court that under the statute quoted, it is essential that the corroboration of the prosecutrix extend to the promise of marriage and the act of intercourse. See Woolley v. State, 50 Texas Crim. Rep., 214, 96 S. W., 27; Slaughter v. State, 86 Texas Crim. Rep., 527, 529, 218 S. W., 767; Brewer v. State, 93 Texas Crim. Rep., 213, 246 S. W., 663; Gainer v. State, 89 Texas Crim. Rep., 538, 232 S. W., 830; McCoy v. State, 91 Texas Crim. Rep., 655, 241 S. W., 166; Ford v. State, 119 Texas Crim. Rep., 569, 45 S. W. (2d) 213.

In the present instance, the only charge given upon the subject mentioned is in the following language: "You are instructed that 'seduction', as used in the statute, means to lead an unmarried female under 25 years of age away from the path of virtue; to entice or persuade her by means of a promise of marriage to surrender her chastity, and have carnal

intercourse with the man making the promise. The promise of marriage by the man, and the yielding of her virtue in consideration of that promise, constitutes the gist of the offense. The offense is not complete until the female has been seduced—that is, corrupted, deceived, drawn aside from the path of virtue which she was pursing, and it must be shown that the carnal intercourse with the female was accomplished by means of a promise to marry her, made at the time of the illicit intercourse."

The insufficiency of this charge was asserted by exception thereto, and its correction was sought by a proper special charge, which was refused. The instruction given by the court is not regarded as complying with the law to which reference has been made and is not more specific in following the statutory command than in numerous other cases in which the incompleteness of the charge has been declared on appeal.

Because of the failure of the court to instruct the jury touching the meaning of article 709, supra, the judgment is reversed and the cause remanded.

*Reversed and remanded.*