J. T. FORD, JR. V. THE STATE.

No. 15435. Delivered December 7, 1932.
Reported in 55 S. W. (2d) 94.

The opinion states the case.

*Jesse Owens,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for seduction; punishment, two years in the penitentiary.

At a former term of this court a prior conviction was reversed. See Ford v. State, 119 Texas Crim. Rep., 569, 45 S. W. (2d) 213.

In making out its case the state introduced three witnesses.

Wilma Maroney, the injured female, was eighteen years of age at the time of the alleged seduction; appellant was seventeen. She claimed to have had intercourse with appellant in the latter part of May, 1930. She said she began going with appellant about the first of said month. Asked about what was said between her and appellant on which she relied as his promise to marry her, she said that he asked her if she loved him, and she told him she did; she asked him if he loved her, and he said he did; and he said, "Let's get married"; she asked him when, and he said, "Most any time when I get my voucher cashed?" Appellant was the janitor at the school building. Asked to tell what took place at the time of the alleged intercourse, she replied: "This is what was said about it: 'I told him I didn't want to do that,' and he said, 'Well, hell, what difference does it make if we are going to get married?'" She further testified as follows: "I had an intercourse with the defendant at that time because I loved him enough and thought he did me and I thought I would become his wife." She further testified that at other times when she had intercourse with appellant, "nearly all the time I would ask him if he still intended to marry me, and he promised, he said 'Sure, I'll stick to you through thick and thin.'"

It might be regarded as somewhat doubtful if the above can be deemed a sufficient promise of marriage on which to base reliance in a case of seduction. Passing that, however, we observe that our statutes require, before a conviction will be sustained for seduction, that the injured female must be corroborated both upon the fact that the accused promised to marry her, and also upon the fact that he had carnal knowledge of her. The state introduced Leonard Mills who testified that he was going with a sister of prosecutrix in May, 1930, and had a conversation with appellant in which the latter asked witness if he had had intercourse with the other Maroney girl, and witness told him, "No." He said that appellant asked him why, to which witness replied that he did not want to. We quote witness' testimony at this point: "He then told me: 'Why don't you promise them any damn thing and they will do anything.'" The witness testified nothing that shed any light upon the proposition of a promise to marry. This witness was later recalled and testified that appellant told him that he had had intercourse with Wilma Maroney, and that appellant said that about the only way he could see out of it was to marry. The state introduced also the father of the girl who testified only that she was about twenty years old and unmarried. We find

nothing in the testimony for the defendant which corroborated in any way the proposition that the intercourse, if any, was obtained upon appellant's promise to marry prosecutrix. In its rebuttal the state introduced a number of grand jurors whose testimony was confined to what was said before them by a witness named Harrell who was offered by the defendant but claimed his privilege to decline to testify. In Brewer v. State, 93 Texas Crim. Rep., 213, we reaffirmed what has been often said by this court to the effect that the corroborating evidence must go both to the act of intercourse and to the promise of marriage. Finding in the record before us no testimony corroborating in any way the testimony of Wilma Maroney that she yielded her person to appellant upon his promise to marry her, or corroborating her in the proposition that at any time prior to the alleged act of intercourse this appellant had promised to marry her, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*